1  BRUCE A. KILDAY, S.B. #66415
       Email:  bkilday@akk-law.com
2  KEVIN J. DEHOFF, S.B. #252106
       Email:  kdehoff@akk-law.com
3  **ANGELO, KILDAY & KILDUFF, LLP**
4  Attorneys at Law
   601 University Avenue, Suite 150
5  Sacramento, CA  95825
   Telephone:  (916) 564-6100
6  Telecopier:  (916) 564-6263

7

8  Attorneys for Defendants CITY OF CITRUS HEIGHTS (also sued erroneously herein as CITY OF CITRUS HEIGHTS POLICE DEPARTMENT), JORDAN RINEK, ERIC DIAS, KANE KISSAM, WILLIAM DUNNING, VALENTIN ZAZHITSKIY, JEREMY HATCHELL, AND JASON FRITZ

9

10

11                  **UNITED STATES DISTRICT COURT**

                    **EASTERN DISTRICT OF CALIFORNIA**
12

13  JAMES NELSON, an individual,              ) Case No.: 2:18-cv-00501-TLN-DB
                                              )
14                          Plaintiff,        ) **DEFENDANTS' ANSWER TO**
                                              ) **COMPLAINT AND DEMAND FOR JURY**
15              vs.                           ) **TRIAL**
                                              )
16  CITY OF CITRUS HEIGHTS, et al.,           )
                                              )
17                                            )
                            Defendants.       )
18  _____      )

19

20                          **ANSWER**

21         COMES NOW Defendants City Of Citrus Heights, Jordan Rinek, Eric Dias, Kane

22  Kissam, William Dunning, Valentin Zazhitskiy, Jeremy Hatchell, and Jason Fritz (hereafter

23  "Defendants") and in response to Plaintiff's Complaint on file herein, admit, deny, and allege as

24  follows:

25                          **INTRODUCTION**

26         Answering the Introduction, the allegations contained within the Introduction are legal

27  conclusions and arguments to which no response is required. To the extent that any further

28  response is required, Defendants deny such allegations. Defendants also expressly deny that

Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

## JURISDICTION AND VENUE

1.      Answering paragraph 1, Defendants admit jurisdiction.

2.      Answering paragraph 2, Defendants admit venue.

## PARTIES

3.      Answering paragraph 3, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶3, and on that basis, deny such allegations.

4.      Answering paragraph 4, Defendants admit that the City is a public entity in the state of California. The remaining allegations in ¶4 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

5.      Answering paragraph 5, Defendants admit that the Citrus Heights Police Department is a subordinate department of the City of Citrus Heights and is in Citrus Heights. The remaining allegations in ¶5 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

6.      Answering paragraph 6, admit that Jordan Rinek is a police officer for the Citrus Heights Police Department. The remaining allegations contained within ¶6 are for pleading purposes to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

7.      Answering paragraph 7, admit that Eric Dias is a police officer for the Citrus Heights Police Department. The remaining allegations contained within ¶7 are for pleading purposes to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

8.      Answering paragraph 8, admit that Kane Kissam is a police officer for the Citrus Heights Police Department. The remaining allegations contained within ¶8 are for pleading purposes to

DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

1    which no response is required. To the extent that any further response is required, Defendants

2    deny such allegations.

3    9.      Answering paragraph 9, admit that William Dunning is a police officer for the Citrus

4    Heights Police Department. The remaining allegations contained within ¶9 are for pleading

5    purposes to which no response is required. To the extent that any further response is required,

6    Defendants deny such allegations.

7    10.     Answering paragraph 10, admit that Valentin Zazhitskiy is a police officer for the Citrus

8    Heights Police Department. The remaining allegations contained within ¶10 are for pleading

9    purposes to which no response is required. To the extent that any further response is required,

10   Defendants deny such allegations.

11   11.     Answering paragraph 11, admit that Jeremy Hatchell is a police officer for the Citrus

12   Heights Police Department. The remaining allegations contained within ¶11 are for pleading

13   purposes to which no response is required. To the extent that any further response is required,

14   Defendants deny such allegations.

15   12.     Answering paragraph 12, admit that Jason Fritz is a police officer for the Citrus Heights

16   Police Department. The remaining allegations contained within ¶12 are for pleading purposes to

17   which no response is required. To the extent that any further response is required, Defendants

18   deny such allegations.

19   13.     Answering paragraph 13, the allegations in ¶13 are legal conclusions and arguments to

20   which no response is required.  To the extent that any further response is required, Defendants

21   deny such allegations.

22   ## **FACTUAL ALLEGATIONS**

23   14.     Answering paragraph 14, the allegations in ¶14 are legal conclusions and arguments to

24   which no response is required.  To the extent that any further response is required, Defendants

25   deny such allegations.

26   15.     Answering paragraph 15, Defendants are without knowledge or information sufficient to

27   form a belief as to the truth of the allegations contained in ¶15, and on that basis, deny such

28   allegations.

16.     Answering paragraph 16, Defendants Dias and Hatchell admit that Plaintiff Nelson was involved in a traffic accident on June 23, 2017 at approximately 11:45 a.m. at the intersection of Woodmore and Fair Oaks. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that basis, deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶16 and on that basis, deny such allegations.

17.     Answering paragraph 17, Defendants Dias and Hatchell admit that they were dispatched by the Citrus Heights Police Department to respond to the collision, they concluded Plaintiff Nelson caused the collision, that his car was inoperable, and they allowed him to use his phone. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that basis, deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶17 and on that basis, deny such allegations.

18.     Answering paragraph 18, Defendant Dias and Hatchell admit they investigated Plaintiff Nelson for drug involvement, he acted nervous during the encounter, and they had him followed by other officers. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that basis, deny such allegations. Defendants also admit that Plaintiff was not placed under arrest during the initial encounter with Dias and Hatchell.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶18 and on that basis, deny such allegations.

19.     Answering paragraph 19, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶19, and on that basis, deny such allegations.

20.     Answering paragraph 20, Defendant Rinek admits that he was dispatched at approximately 3:00 p.m. to the intersection of Auburn Blvd. and Old Auburn Rd. for a call regarding a male running in and out of traffic. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that

1    basis, deny such allegations. The remaining allegations are legal conclusions and argument to
2    which no response is required. To the extent that any further response is required, Defendants
3    deny such allegations.

4        21.    Answering paragraph 21, Defendant Rinek admits that he obtained two bottles of water
5    for Plaintiff Nelson. The remaining Defendants are without knowledge or information sufficient
6    to form a belief as to the truth of these admitted allegations, and on that basis, deny such
7    allegations.  Defendants are without knowledge or information sufficient to form a belief as to
8    the truth of the remaining allegations contained in ¶21 and on that basis, deny such allegations.

9        22.    Answering paragraph 22, Defendant Rinek admits that he was dispatched to the previous
10   scene described in ¶¶ 20 and 21 for a male running in front of vehicles at approximately 4:05
11   p.m. Defendant Dias admits that he met Defendant Rinek at the scene and that Dias was the
12   acting supervisor. The remaining Defendants are without knowledge or information sufficient to
13   form a belief as to the truth of these admitted allegations, and on that basis, deny such
14   allegations.  Defendants are without knowledge or information sufficient to form a belief as to
15   the truth of the remaining allegations contained in ¶22 and on that basis, deny such allegations.

16       23.    Answering paragraph 23, Defendant Rinek admits that he ordered Plaintiff to sit and
17   place his hands in position to be cuffed. Defendant Dias admits he helped cuff Plaintiff. The
18   remaining Defendants are without knowledge or information sufficient to form a belief as to the
19   truth of these admitted allegations, and on that basis, deny such allegations. Defendants are
20   without knowledge or information sufficient to form a belief as to the truth of the remaining
21   allegations contained in ¶23 and on that basis, deny such allegations.

22       24.    Answering paragraph 24, Defendants deny the allegations contained within paragraph 24.
23       25.    Answering paragraph 25, Defendants deny the allegations contained within paragraph 25.
24       26.    Answering paragraph 26, Defendant Rinek denies the allegations contained within
25   paragraph 26. The remaining Defendants are without knowledge or information sufficient to
26   form a belief as to the truth of the allegations contained in ¶26, and on that basis, deny such
27   allegations.

28

27.     Answering paragraph 27, Defendant Dias denies the allegations contained within paragraph 27. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶27, and on that basis, deny such allegations.

28.     Answering paragraph 28, Defendant Dunning denies the allegations contained within paragraph 28. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶28, and on that basis, deny such allegations.

29.     Answering paragraph 29, Defendant Kissam denies the allegations contained within paragraph 29. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶29, and on that basis, deny such allegations.

30.     Answering paragraph 30, Defendant Zazhitskiy denies the allegations contained within paragraph 30. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶30, and on that basis, deny such allegations.

31.     Answering paragraph 31, Defendant Hatchell denies the allegations contained within paragraph 31. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶31, and on that basis, deny such allegations.

32.     Answering paragraph 32, Defendant Fritz denies the allegations contained within paragraph 32. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶32, and on that basis, deny such allegations.

33.     Answering paragraph 33, Defendant Rinek admits that he tried to take Plaintiff Nelson's pulse. The remaining allegations contained within ¶33 are conclusions, speculations, and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

34.     Answering paragraph 34, Defendants Dias and Rinek admit that they attempted to control Plaintiff Nelson because he was trying to kick them. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that basis, deny such allegations. The remaining allegations contained within ¶34 are conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

35.     Answering paragraph 35, Defendants deny that they heard Plaintiff Nelson scream he was burning. The remaining allegations contained within ¶35 are conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

36.     Answering paragraph 36, admit that Defendants Dunning, Kissam, Zazhitskiy, Hatchell, and Fritz arrived on the scene. The remaining allegations contained within ¶36 are conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

37.     Answering paragraph 37, the allegations contained within ¶37 are conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

38.     Answering paragraph 38, Defendants Zazhitskiy and Rinek admit that Plaintiff Nelson was taken to U.C. Davis Medical Center. The remaining Defendants are without knowledge or information sufficient to form a belief as to the truth of these admitted allegations, and on that basis, deny such allegations. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in ¶38 and on that basis, deny such allegations.

39.     Answering paragraph 39, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in ¶39 and on that basis, deny such allegations.

40.     Answering paragraph 40, the allegations contained within ¶40 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

41.     Answering paragraph 41, the allegations contained within ¶41 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

42.     Answering paragraph 42, the allegations contained within ¶42 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

43.     Answering paragraph 43, the allegations contained within ¶43 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

44.     Answering paragraph 44, Defendants admit that Plaintiff presented a Government Claims Act Claim to Citrus Heights on or about December 21, 2017. The remaining allegations contained within ¶44 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

45.     Answering paragraph 45, the allegations contained within ¶45 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

46.     Answering paragraph 46, the allegations contained within ¶46 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

## **FIRST CLAIM**

### **Excessive Force (4th & 14th Amendment: 42 U.S.C. § 1983)**

47.     Answering paragraph 47, the allegations contained in ¶47 are for pleading purposes to which no response is required.

48.     Answering paragraph 48, Defendants admit the law cited speaks for itself and admit the

content of the law not as necessarily alleged. With the exception of said admission, Defendants deny each and every, all and singular, generally and specifically the allegations therein contained.

49.     Answering paragraph 49, the allegations contained within ¶49 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

50.     Answering paragraph 50, the allegations contained within ¶50 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

51.     Answering paragraph 51, Defendants admit Plaintiff is seeking damages in this lawsuit. With the exception of said admission, Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**SECOND CLAIM**

**Failure to Supervise and Train (14th Amendment: 42 U.S.C. § 1983)**

52.     Answering paragraph 52, the allegations contained in ¶52 are for pleading purposes to which no response is required.

53.     Answering paragraph 53, the allegations contained within ¶53 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

54.     Answering paragraph 54, the allegations contained within ¶54 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

55.     Answering paragraph 55, Defendants admit Plaintiff is seeking damages in this lawsuit. With the exception of said admission, Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**THIRD CLAIM**

**Inadequate Customs, Policies and/or Practices (14th Amendment: 42 U.S.C. § 1983)**

56.     Answering paragraph 56, the allegations contained in ¶56 are for pleading purposes to which no response is required.

57.     Answering paragraph 57, the allegations contained within ¶57 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

58.     Answering paragraph 58, the allegations contained within ¶58 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

59.     Answering paragraph 59, Defendants admit Plaintiff is seeking damages in this lawsuit. With the exception of said admission, Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**FOURTH CLAIM**

**Negligence; California Government Code §§ 820(a) & 815.2**

60.     Answering paragraph 60, the allegations contained in ¶60 are for pleading purposes to which no response is required.

61.     Answering paragraph 61, the allegations contained within ¶61 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

62.     Answering paragraph 62, Defendants admit the law cited speaks for itself and admit the content of the law not as necessarily alleged. With the exception of said admission, Defendants deny each and every, all and singular, generally and specifically the allegations therein contained.

63.     Answering paragraph 63, the allegations contained within ¶63 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

64.     Answering paragraph 64, the allegations contained within ¶64 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

65.     Answering paragraph 65, Defendants admit Plaintiff is seeking damages in this lawsuit. With the exception of said admission, Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

## FIFTH CLAIM

### Failure to Reasonably Accommodate Disability; ADA, 42 § 12101, *et seq*.

66.     Answering paragraph 66, the allegations contained in ¶66 are for pleading purposes to which no response is required.

67.     Answering paragraph 67, Defendants admit the law cited speaks for itself and admit the content of the law not as necessarily alleged. With the exception of said admission, Defendants deny each and every, all and singular, generally and specifically the allegations therein contained.

68.     Answering paragraph 68, the allegations contained within ¶68 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

69.     Answering paragraph 69, the allegations contained within ¶69 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

70.     Answering paragraph 70, the allegations contained within ¶70 are legal conclusions and arguments to which no response is required. To the extent that any further response is required, Defendants deny such allegations.

71.     Answering paragraph 71, Defendants admit Plaintiff is seeking damages in this lawsuit. With the exception of said admission, Defendants expressly deny that Plaintiff has sustained any injury, damage, or loss by reason of any act, omission, or negligence of Defendants, and further expressly deny that Plaintiff was or will be damaged in any sum or sums whatsoever, or at all.

**AFFIRMATIVE DEFENSES**

These answering Defendants allege the following separate and distinct affirmative defenses:

1.  That at all times mentioned in the Complaint on file herein, and immediately prior thereto, Defendants acted in good faith;

2.  Defendants contend that Plaintiff willingly, voluntarily, and knowingly assumed each and every and all the risks and hazards involved in the activities referred to in the Complaint;

3.  That Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata;

4.  Defendants assert that if Defendants are adjudged, decreed, or otherwise determined to be liable to Plaintiff, then in that event, Defendants will be entitled to apportion the degree of their fault or responsibility for said incident attributable to the Plaintiff or to any other defendants named herein or yet to be named.  The amount of damages attributable to these answering Defendants is to be abated, reduced, or eliminated to the extent that the Plaintiff's own negligence, or the negligence of any other defendant, contributed to the Plaintiff's claimed damages, if any there were.  This apportionment of damages is to be administered in accordance with the principles of equity and pursuant to the doctrine of comparative negligence and pursuant to Civil Code Section 1431.2;

5.  Defendants assert that the allegations contained in Plaintiff's Complaint do not rise to the level of a constitutional violation;

6.  Defendants contend that the Plaintiff has failed to mitigate his damages, if any there are;

7.  Defendants contend that the Complaint, and each alleged cause of action therein, failed to allege facts sufficient to constitute a cause of action against these answering Defendants;

8.  That the Complaint fails to state a claim against these answering Defendants upon which relief can be granted;

9.  Defendants assert that they are immune from liability as a result of executive and/or legislative and/or judicial immunity under the common law, United States statutes, and the opinions of the State and Federal Courts interpreting these laws;

DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL

10.   Defendants claim and plead the immunities from liability for any and all injuries and damages alleged in the Complaint on file herein, the defenses and all rights granted to them, and each of them, by virtue of the provision of California Government Code sections 810-996.6, inclusive;

11.   That the Defendants are immune from liability by reason of the provisions of the California Penal Code, including but not limited to Sections 834a, 835, 835a, 836, 836.5, 847 and Civil Code Section 43.55;

12.   That at all times mentioned in the Complaint on file herein, and immediately prior thereto, Defendants acted in self-defense and in defense of others;

13.   Defendants contend that they are not vicariously liable for any act or omission of another person by way of *respondeat superior* or otherwise;

14.   That Plaintiff lacks standing to bring his claims under Title II of the Americans with Disabilities Act (42 U.S.C. Section 12101 et seq.);

15.   That at all times mentioned in the Complaint herein and immediately prior thereto, the actions of Defendants were just, fair, privileged, justified, with good cause, non-discriminatory and taken in good faith;

16.   That at all times mentioned in the Complaint on file herein and immediately prior thereto, Defendants and each of them acted in good faith in attempting to make reasonable accommodation;

17.   Defendants are immune from liability and afforded a complete defense under the Doctrine of Qualified Immunity;

18.   That based upon information and belief, Plaintiff is not a disabled individual as defined under the Americans with Disabilities Act (42 U.S.C. Section 12101 et seq.), the Rehabilitation Act of 1973, as amended (29 U.S.C. Section 794), and/or any other code section or statute sued upon by Plaintiff;

19.   That Defendants claim and plead all rights, defenses, privileges and immunities granted to them by virtue of the California statutes sued upon by Plaintiff and/or any code sections and/or regulations related thereto or cases coming thereunder;

20.   Defendants assert that the Plaintiff's prayer for exemplary and punitive damages violates Defendants' right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California and therefore fails to state a cause of action for which either exemplary or punitive damages can be awarded;

21.   Defendants assert that the Plaintiff's prayer for exemplary and punitive damages violates Defendants' right to protection from "excessive fines" as provided in the Eight Amendment to the United States Constitution and Article 1 Section 17 of the Constitution to the State of California and violates Defendants' right to substantive due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution and the California Constitution, and therefore fails to state a cause of action for punitive or exemplary damages;

22.   Defendants assert that, at all times mentioned in the Complaint and immediately prior thereto, any force which was used on the Plaintiff was reasonable under the circumstances; and

23.   Defendants contend that they cannot fully anticipate all affirmative defenses that may be applicable to this action based upon the conclusionary terms used in Plaintiff's Complaint.  Accordingly, Defendants expressly reserve the right to assert additional affirmative defenses if and to the extent that such affirmative defenses become applicable.

## PRAYER

Wherefore, Defendants request the following relief:

1.   That Plaintiff's Complaint be dismissed in its entirety without leave to amend and that Plaintiff take nothing by way of his Complaint;

2.      That Defendants be henceforth dismissed from this matter with prejudice;

3.      That judgment be entered in favor of Defendants and against Plaintiff;

4.      That Defendants be awarded attorney's fees and costs of suit incurred under and by virtue of the laws stated above;

5.      For such other and further relief as the Court deems just and proper.


Dated:  May 3, 2018              ANGELO, KILDAY & KILDUFF, LLP

                        */s/ Kevin J. Dehoff*

                        By:_____
                           BRUCE A. KILDAY
                           KEVIN J. DEHOFF
                           Attorneys for Defendants


## DEMAND FOR JURY TRIAL

     Defendants respectfully demand that all issues of fact be tried herein by and before a jury.


Dated:  May 3, 2018              ANGELO, KILDAY & KILDUFF, LLP

                        */s/ Kevin J. Dehoff*

                        By:_____
                           BRUCE A. KILDAY
                           KEVIN J. DEHOFF
                           Attorneys for Defendants